McCORD, Chief Judge.
This is an appeal from final judgment following a jury verdict. The suit below was brought by appellees, Ebb W. Pate and Merri M. Pate, against appellants, Charles R. Enterkin and Hartford Fire Insurance Company (Enterkin’s insurance carrier), and appellee, Alligator Point Marina, Inc. The jury returned a verdict against appellants and in favor of Alligator Point Marina, appellants’ co-defendant below. The court entered judgment in accordance with the jury verdict. The action is for damages arising from the destruction by fire of the Pates’ yacht, the Merrimaker, and other personal property. The yacht was docked at Alligator Point Marina next to the boat, the Day-by-Day, owned by Enterkin and one Frank A. Cody (not a party to this action). The Pates were at that time in the process of building a house and were living on their yacht. One night, when the Pates were away from the yacht, fire was discovered in both boats and they were towed out of the marina. They both burned to their waterlines. The witness who first discovered the fire testified that the first flames he saw were in the engine compartment of the Day-by-Day, and they spread to the Pates’ yacht. No one had been seen aboard the Day-by-Day for several days before the fire occurred. The cabin was usually kept locked, but there was a key on a board at the marina office. Several days before the fire, Peter Fenn, the president and chief stockholder of the marina, had seen a stranger aboard the Day-by-Day. He testified that he made no inquiry of that individual because he had been told by Mr. Enterkin that other people would be on his boat from time to time.
Upon the fire being reported, a volunteer fire department sent a truck to the marina, but by the time it arrived, both boats had been towed from the dock area into the bay by Mr. Fenn. The Merrimaker was not a total loss when the volunteer firemen arrived, but their hose was not long enough to reach the Merrimaker.
William Cronis, an expert witness called in by Hartford, testified that several unusual things were found in the investigation of the incident as to the Day-by-Day; that covers had been taken off the generators on the engine, and the brushes had been removed; that the exhaust manifolds had been taken off the engine, but the nuts holding the manifolds on had been screwed back onto the studs; that the automatic C02 fire extinguisher system had been turned off. The witness cut pieces of fiberglass from the inside of the hull of the vessel on the stern and the samples were taken back to the laboratory for analysis. The chemist who analyzed them testified that the analysis showed there was a large amount of diesel fuel on the fiberglass cut from the hull.
The Pates contended that Enterkin was negligent in allowing the fire to start on his boat and that the marina was negligent in not providing enough firefighting equip *940 ment and in towing the boat from the marina into the bay out of reach of the fire equipment. Both at the conclusion of the Pates’ case and at the conclusion of the evidence, appellants moved for a directed verdict in their favor contending that no negligence on the part of Enterkin was shown to have caused the fire. The trial court reserved ruling on the motion until after the verdict was rendered and then denied it and entered the final judgment.
Appellant contends that the record contains no evidence that negligence on the part of Enterkin caused the fire and, therefore, the court erred in not granting his motion for directed verdict. We agree. While the evidence creates a suspicion that the boat of which Enterkin was a part-owner may have been deliberately burned by someone or may have been put in such state by someone that it caught fire from unknown causes, there is no evidence to support a conclusion that the fire resulted from any negligence or action on Enterkin’s part.
Appellants’ second point is a contention that the verdict in favor of Alligator Point Marina and against the Pates is contrary to the manifest weight of the evidence. The Pates did not appeal that judgment. Having reached the conclusion that judgment should be entered in Enterkin’s favor in the Pates’ action against him, we find that Enterkin has no standing to question the judgment in Alligator Point Marina’s favor, such judgment not being adverse to Enterkin. We, therefore, refrain in this case from ruling on the question of whether or not Enterkin would have standing if our ruling were otherwise.
The judgment against appellants is reversed, and the cause is remanded with directions to enter judgment in favor of appellants.
BOYER and MILLS, JJ., concur.